# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

FRANKLIN JOE FIELDS and )
FRANKLIN OMAR JEMAUREY )
FIELDS JR. )
                      )
       Plaintiffs, )
                      )      Case No. CV416-028
                      )
v. )
                      )
DISABILITY ADJUDICATOR, )
                      )
       Defendant. )

## ORDER

Proceeding *pro se*, Franklin Joe Fields has filed a form Complaint against an unnamed "Disability Adjudicator," seemingly on behalf of his minor son. Doc. 1 at 1. His "Statement of Claim," in its unaltered entirety: "I had a case like this befor an they keep kicking it out of court. About my disability me an my son. The old case # is CV415-122." Doc. 1 at 3. For relief, he asks the Court to "review this case." *Id.* at 5.

Courts are obligated to liberally construe *pro se* complaints, but they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v.*

*Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Here, Fields hasn't given the Court much to construe. Nevertheless, because of his *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give Fields another chance to explain the facts giving rise to his decision to file this suit.[1]

This time, however, Fields must include a "short and plain statement of the claim showing" that he is entitled to the relief he seeks. Fed. R. Civ. P. 8(a)(2). That means he must present the Court with the *factual* allegations that support his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that that defendant has harmed Fields, or that it violated the law, will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679

---

[1] This case is one of three that Fields filed recently. *See Fields v. Dep't of Treasury*, No. CV416-026, doc. 1 (S.D. Ga. January 26, 2016); *Fields v. Savannah Marine Terminal*, No. CV416-027, doc. 1 (S.D. Ga. January 27, 2016). All three follow the same pattern (and have resulted in similar orders from this Court): Fields files a less-than-bare-bones complaint coupled with a deficient application to proceed without paying a filing fee. This trilogy comes after Fields' suit against the Social Security Administration last year, which the Court dismissed after he failed to amend his complaint to state a claim (the "statement of claim" portion of that form was left completely blank and nothing indicated, contrary to Fields' contention here, that that case had anything to do with his son). *See Fields v. Soc. Sec. Admin.*, No. CV415-122, doc. 4 (S.D. Ga. July 6, 2015). If he continues his pattern of filing facially frivolous complaints, the Court will be forced to deploy additional measures to protect its resources from the burgeoning Fields litigation menace.

(2009). Fields must file his amended complaint within 14 days of the day this Order is served or face a recommendation of dismissal for failure to state a claim.[2]

Fields, who lists a non-prison address, also seeks leave to file his case *in forma pauperis* ("IFP"). Doc. 2. The Court is not satisfied with his indigency affidavit. He claims $733/month in disability payments, but declares no assets or expenses (such as rent, etc.). That's plainly not credible. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[3] this

---

[2]   The Court dismissed CV415-122 *without* prejudice because Fields failed to obey a court order and amend his complaint and IFP application. CV415-122, doc. 4-1. To dismiss this case for failure to state a claim before giving Fields' a chance to amend would in some measure transform that previous dismissal into one *with* prejudice despite telling Fields the opposite. Particularly given his *pro se* status, that's improper. *See Ross v. Fogam*, 2016 WL 66668 at * 5 (11th Cir. Jan. 5, 2016) (dismissal with prejudice is an extreme sanction only proper after express findings that lesser sanctions are inadequate). If Fields once again fails to amend his Complaint, however, the Court will recommend dismissal with prejudice. He will have had four chances (two complaints and two opportunities to amend) to put meat on his claims' bones. If none is forthcoming after this Order, none ever will be, thus warranting a permanent bar.

[3]   "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL

Court demands supplemental information from dubious IFP movants. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[4]

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit*

---

1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[4] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

*of North America, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013)
(Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED
because her allegation of poverty appears to be untrue in light of her
financial affidavit and filings in the district court.").[5]

Given the totality of the circumstances, it will do likewise here.[6]
Therefore, within 14 days from the date this Order is filed, Fields shall
disclose to the Court the following information:

---

[5] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36,
doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly
lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty
verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.
2 (S.D. Ga. 2012) (collecting sanction cases).

[6] Two important points must be underscored:

> First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the
> government. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,
> 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute
> reads that the court "may authorize the commencement" of an action. 28
> U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP]
> application requires the court to exercise discretion. *Denton v. Hernandez*, 504
> U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's
> Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. §
> 1915 and stating the decision of whether to grant or deny [IFP] status under
> 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis
added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir.
2003) (no abuse of discretion when court determined plaintiff could afford to pay
the filing fee without undue hardship because he has no room and board expenses,
owns a car, and spends the $250.00 earned each month selling plasma on
completely discretionary items).

(1)    What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2)    Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3)    Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4)    Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5)    Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6)    Whether he anticipates any future income within the next year;

(7)    A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points (on a separate sheet of paper he must reproduce and fully answer each question) will better illuminate Fields' true financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury (he didn't even sign his IFP application this time). He must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).  The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Fields' convenience.  Failure to comply with this directive will result in a recommendation of dismissal.  *See Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED,** this <u>8th</u> day of February, 2016.

_____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA